UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID NUNEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00092 |
| | § | |
| CITY OF CORPUS CHRISTI, TEXAS, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is the Motion for Leave to File Third Party Complaint against Manuel Davila, IV filed by William Hobbs (D.E. 27). This is an action for alleged assault and, under 42 U.S.C. § 1983, for excessive force against Corpus Christi Police Officer William Hobbs (Hobbs) as well as Hobbs' employer, the City of Corpus Christi (Corpus Christi). Plaintiff, David Nuñez (Nuñez), alleges that he was leaving the scene of an argument in a car driven by Manuel Davila (Davila) when Hobbs discharged his weapon into the vehicle, injuring Nuñez. Hobbs seeks to add Davila as a third party defendant. For the reasons set out below, the Motion (D.E. 27) is GRANTED.

According to Fed. R. Civ. P. 14(a)(1), a defending party may bring in as a third party defendant any party "who is or may be liable to it for all or part of the claim against it." The timing of joinder and the managing of the resulting trial (such as striking joinder, severing claims, or trying issues separately) is permissive and entrusted to the court's

discretion.[1] *See generally*, *H. L. Peterson Co. v. Applewhite*, 383 F.2d 430, 433 (5th Cir. 1967). Defendant Hobbs has sought to join Davila within the time set by the Court's Scheduling Order. D.E. 15.

The only question presented by the rule and the parties' position on the matter is whether Davila can be liable to Hobbs for the claims asserted by Nuñez. If either of those claims (assault or excessive force) triggers the right to join, joinder is appropriate.

### A. The Texas Proportionate Responsibility Act Applies to a State Claim for Assault in Federal Court.

Generally speaking, Chapter 33, the Texas Proportionate Liability Act, applies to all torts governed by Texas law, including those tried in federal courts. Tex. Civ. Prac. & Rem.Code § 33.002; *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 623 F. Supp. 2d 798, 832 (S.D. Tex. 2009); *JCW Electronics, Inc. v. Garza*, 257 S.W.3d 701, 704–06 (Tex. 2008). Because excessive force claims are federal claims, they are not Texas torts and are not relevant to the present analysis. For our purposes then, the question is whether the assault claim is an exception to the torts covered by Chapter 33.

Nuñez argues that assault is an intentional tort that is not within the ambit of the proportionate liability statute. Hobbs argues that the assault claim does not require proof of specific intent and that intentional torts are not exempt from Chapter 33. The Texas Supreme Court has decided this issue, holding that Chapter 33 applies to "all" torts and that a previous general exception for intentional torts was removed by the legislature in

---

[1] The Court reserves for decision at an appropriate time what measures, if any, are required to avoid prejudice alleged in Plaintiff's Response.

1995.  *JCW, supra* at 704.  That court refused to imply any residual exception arising from the manner in which the legislature acted.

Since *JCW*, the Texas legislature has not added a general exception for intentional torts.  Instead, § 33.002(c) currently contains specific itemized exclusions.  "Intentional torts" are not among them.  None of the express exclusions apply here.  Therefore, without deciding whether the assault claim in this case states an "intentional tort," the Court rejects Nuñez's theory that his assault claim is exempted from the proportionate liability statute.

### B. The Texas Proportionate Liability Statute Grants Rights of Contribution to the Defendant.

Pursuant to § 33.013, "a liable defendant is liable to a claimant only for the percentage of the damages found by the trier of fact equal to that defendant's percentage of responsibility with respect to the personal injury . . . for which the damages are allowed."  Thus if Davila were found responsible for some or all of the alleged injuries to Nuñez, the responsibility of Hobbs would be reduced or eliminated, whether or not Davila were to pay his share.[2]

The question now is whether this ***reduction in liability to the claimant*** qualifies for joinder under Fed. R. Civ. P. 14, in which the joined third-party defendant is expected to have potential ***liability to the current defendant/third-party plaintiff*** for a portion of the damages owed to the claimant.  In other words, if Hobbs is not a "middleman" in the claim between Nuñez and Davila, can Hobbs still use Rule 14 to join Davila as a party

---

[2]  This assumes that Hobbs is not found to be more than 50% responsible, at which point responsibility becomes "joint and several."  Tex. Civ. Prac. & Rem. Code § 33.013(b)(1).

and not be limited to "designating" him as a "responsible third party" under the alternative procedural terms of the statute?  *See* Tex. Civ. Prac. & Rem. Code § 33.004.

The damages allocation provisions appear under the "Contribution" subsection of the Texas Proportionate Liability Act.  "Contribution" is defined as:

> The right that gives one of several persons who are liable on a common debt the ability to recover proportionately from each of the others when that one person discharges the debt for the benefit of all; ***the right to demand that another who is jointly responsible for a third party's injury supply part of what is required to compensate the third party***.

BLACK'S LAW DICTIONARY 378 (9th ed. 2009) (emphasis added).  There appears to be no real difference in the concept of "contribution" whether Hobbs pays first and recovers from Davila second or brings Davila in to reduce his responsibility for damages at the outset.  Form and function are the same for purposes of determining whether joinder is appropriate.  Davila may be joined pursuant to Fed. R. Civ. P. 14.

### C. Conclusion

For the reasons set out above, the Motion for Leave to File Third Party Complaint against Manuel Davila, IV filed by Defendant Hobbs (D.E. 27) is GRANTED.  The Court instructs the Clerk to file Hobbs' third-party complaint (D.E. 27-2) as an independent document on the docket of this Court, deemed timely filed in this case.

ORDERED this 14th day of January, 2013.

*[signature]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE